UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM ANTHONY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:17-cv-00245-WTL-DLP |
| ) | |
| J. E. KRUEGER Warden, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

William Johnson, an inmate at the Federal Correctional Institution in Terre Haute, Indiana, was convicted of a number of crimes in the Western District of Kentucky and is serving a life sentence for those convictions. He now seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the petition for a writ of habeas corpus is **denied**.

## I. Background

*Johnson's Trial and Direct Appeal*

In 2003, a jury in the Western District of Kentucky found Johnson guilty of violating the Racketeer Influenced and Corrupt Organization Act (RICO) in violation of 18 U.S.C. § 1962(c), conspiring to violate RICO in violation of 18 U.S.C. § 1962(d), uttering counterfeit obligations in violation of 18 U.S.C. § 472, and stealing or receiving stolen mail in violation of 18 U.S.C. § 1708. In 2004, Johnson pleaded guilty to three additional offenses involving firearms and ammunition in violation of 18 U.S.C. § 922(g)(1).

Several individuals were involved in the criminal enterprise, including Johnson (the leader), Christopher L. Stone, Curtis Hardin, David W. Dabney, and Sher Bolter. *United States v. Johnson*, 440 F.3d 832, 835 (6th Cir. 2006).

Ultimately, Johnson was sentenced to an aggregate sentence of life imprisonment and ordered to pay restitution in the amount of $443,633.07. The life sentence was based on the jury's return of a special verdict finding Johnson guilty of the murder of Sher Bolter. *See* 18 U.S.C. § 1963(a). Specifically, Johnson's aggregate sentence was determined as follows: life imprisonment for the RICO and RICO-conspiracy counts, 240 months for the uttering counterfeit obligations count, and 60 months for the theft or receipt of stolen mail count, to be served concurrently. He was sentenced to an additional 30 months' imprisonment on each of the firearms counts, to be served concurrently with each other, and with the other sentences.

A separate jury convicted Stone of RICO and fraud violations. In Stone's case, unlike Johnson's, the jury was not asked and therefore did not render a special verdict as to whether Stone was involved in the murder of Sher Bolter. Nevertheless, at Stone's sentencing the court considered the evidence presented at trial and found by a preponderance of the evidence that Stone was actively involved in the murder. *United States v. Johnson*, 440 F.3d 832, 837-38 (6th Cir. 2006).

Johnson's convictions were affirmed on appeal, *United States v. Johnson*, 440 F.3d 832, 835 (6th Cir. 2006), and the United States Supreme Court denied his petition for a writ of certiorari. Stone's case, on the other hand, was remanded for resentencing based on the then recently issued opinion in *United States v. Booker*, 542 U.S. 296 (2004). In *Booker*, the Supreme Court "extended its Sixth Amendment holding in *Blakely v. Washington*, 542 U.S. 296 (2004), to the federal Sentencing Guidelines, holding that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by the plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond

a reasonable doubt." *Johnson*, 440 F.3d at 847-48 (internal quotation marks and other punctuation marks omitted).

### *Johnson's Post-Conviction Pleadings*

After his appeal, Johnson filed a motion for a new trial and/or re-sentencing under Rule 33 of the Federal Rules of Criminal Procedure. Johnson argued that he was entitled to a new trial based upon newly discovered evidence. The claimed newly discovered evidence included an affidavit (or affidavits) from co-defendant Stone prepared some six to eight months after Johnson's trial. *United States v. Johnson*, 3:02-cr-68-TBR-1 (W.D. Ky.) ("Crim. Dkt.") 411 at 5 and 497 at 2-3. "Stone's affidavit explains the statements that he made, while being secretly recorded, that implicated Johnson in the murder of Sher Bolter." Crim. Dkt. 497 at 3. The recorded statements were presented as evidence presented at Johnson's trial. Johnson contended that Stone's affidavit stated that Johnson did not pay Stone to murder Sher Bolter. The affidavit also purportedly asserted that Stone was not requested to testify at Johnson's trial, that he would have done so if he had been asked, and that he would not have invoked his Fifth Amendment privilege against self-incrimination if called to testify. According to Johnson, if Stone testified in accordance with his affidavit, then Johnson would not have been found guilty of a predicate act (the Bolter murder) necessary for his RICO conviction. Crim. Dkt. 497 at 3.

Following motions to reconsider, the court reconsidered the Rule 33 motion and denied it on the merits. Crim. Dkt. 497 at 2. The Sixth Circuit affirmed the denial noting, "Stone's affidavit, at most, challenges one witness' testimony that Stone and Johnson were involved in Bolter's murder. The affidavit does not challenge the other evidence establishing Johnson's

involvement in Bolter's murder or undermine the other predicate acts underlying the RICO conviction. Stone's affidavit does not warrant a new trial." Crim. Dkt. 497 at 4.

Johnson also filed a motion to vacate his conviction under 28 U.S.C. § 2255. *Johnson v. United States*, No. 3:07-cv-00432-TBR. He argued that his attorneys rendered ineffective assistance because they allegedly did not provide the United States Probation Office with Stone's affidavit(s). Johnson also claimed that both trial and appellate counsel were ineffective based on their "failure to raise a *Booker* defense so that, as in Stone's case, Johnson would have been entitled to a remand for re-sentencing." Crim. Dkt. 420 at 5. The district court denied the § 2255 motion and a certificate of appealability. Crim. Dkt. 429. It reasoned that under the general verdict form used in Stone's case, it is unknown whether the jury found Stone guilty of the racketeering act of Bolter's murder. However, in Johnson's case a special verdict form was used and "the jury found Johnson guilty of 9 out of 10 racketeering acts, including the murder of Sher Bolter – a necessary jury finding to support the life sentence. Thus, because Johnson's sentence is supported by a jury rather than a judge finding of fact, the *Booker* defense was not applicable, *see Booker*, 543 U.S. 232, and counsel's performance was not deficient for the failure to raise a non-meritorious defense." *Id*.

The district court and the Sixth Circuit denied Johnson a certificate of appealability. *Johnson v. United States*, No. 14-6491 (6th Cir. Jun. 23, 2015). Six years after the denial of his § 2255 motion, Johnson filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) seeking relief from that ruling. Crim. Dkt. 544. He maintained that the district court did not address the following claims: that he was denied due process because he was sentenced under mandatory sentencing guidelines in violation of *Booker*; that his trial and

4

appellate counsel were ineffective in not raising the *Booker* claim; that he was denied effective assistance of counsel at his sentencing hearing because his attorney did not present Stone's affidavits; and that his life sentence exceeded the statutory maximum sentence of 25 years for a RICO offense. The motion was denied upon a finding by the district court that the motion was untimely, and even if it were timely, the district court in fact did address Johnson's claims. Crim. Dkt. 547. The Sixth Circuit agreed that the district court addressed Johnson's claims and denied a certificate of appealability. Crim. Dkt. 562 (order affirming district court and denying certificate of appealability, motion to remand, and motion to proceed *in form pauperis*).

Johnson then filed this petition for a writ of habeas corpus pursuant to § 2241.

## II. Standard of Review

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). In this case, however, Johnson challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,*

5

"some kind of structural problem with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport*, 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden*, 503 F. App'x 763, 765 (11th Cir. 2013).

### III. Discussion

Johnson raises the following grounds in support of his petition: (1) his counsel rendered ineffective assistance by failing to raise a number of challenges to the life sentence; (2) his counsel was ineffective when he did not request re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005); and (3) he was sentenced under mandatory guidelines in violation of the Sixth Amendment and the Due Process Clause. The respondent argues that much of his claims are not cognizable in this § 2241 petition because they have already been decided in his direct appeal and § 2255 proceedings and that relief is not available under § 2241 for claims that have already been decided.

A. *Claims that Were Raised in Johnson's 2255 Motion*

Johnson raises a number of arguments in support of his assertion that his counsel was ineffective that were presented and considered in Johnson's § 2255 motion. These include the following arguments: (1) because of ineffective assistance of counsel, Johnson received a life sentence rather than the statutory-maximum of twenty years; (2) the Indictment was defective because it did not charge that he would be subject to life without parole and his counsel should therefore have objected to the sentence; (3) he is innocent of this homicide that resulted in the enhancement of his sentence and his co-defendant Chris Stone, whose statements implicated Johnson in the murder, had later stated that Johnson had not paid him to commit the murder; and (4) that his sentence is unconstitutional because he was sentenced under the mandatory guidelines in violation of *Booker* and his counsel was ineffective for failing to request a resentencing under *Booker*.

The respondent contends that these arguments were considered in Johnson's motion for relief pursuant to § 2255 and therefore cannot be reconsidered here. Under 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

This means that Johnson may not re-litigate claims and arguments he presented in his § 2255 motion. *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998); *Farrugia v. Warden*, *USP-Terre Haute*, 2015 WL 1565008, at *5 (S.D. Ind. Apr. 7, 2015), *aff'd* (Dec. 15, 2015).

Johnson seeks to invoke the Savings Clause of 28 U.S.C. § 2255(e) to permit him to pursue, in this § 2241 petition, claims that were litigated in his § 2255 motion. He argues that

§ 2255 was inadequate in his case because the magistrate judge, in presenting a report and recommendation on his § 2255 motion, did not meaningfully address his arguments. But Johnson's disappointment with the result of his § 2255 motion, and even with the seemingly spare consideration it was given, is not sufficient to satisfy the savings clause. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."). Moreover, the district court and the Sixth Circuit both concluded on Johnson's challenge that the magistrate judge who considered Johnson's § 2255 motion fully evaluated all of his arguments. Crim. Dkt. 547, 562. Because the arguments identified above were addressed in his § 2255 motion, the Savings Clause does not permit them to be addressed here.

  B. *Johnson's Remaining Claims*

  The respondent asserts that two of Johnson's arguments were not presented in his § 2255 motion. These are: (1) that the Probation Office did not consider that Kentucky's homicide statute did not authorize life imprisonment for a "non-aggravated" murder; and (2) none of the predicate acts relied upon to establish a pattern of racketeering activity were charged in the indictment as carrying a penalty of life imprisonment. The respondent argues that even though they were not presented in his § 2255 motion, these contentions do not qualify for consideration through the Savings Clause. The respondent concludes that these arguments therefore cannot be considered here.

  As already explained, the Savings Clause permits relief under § 2241 only when § 2255 is inadequate or ineffective. In most instances, the Seventh Circuit has explained, to invoke the

8

Savings Clause, the petitioner must show: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Davenport*, 147 F.3d at 611.

Because neither of these arguments invokes a statutory interpretation case made retroactive on collateral review, neither satisfies the first two *Davenport* requirements to show that § 2255 is inadequate. In addition, Johnson has presented no other reason, such as new evidence, to show that § 2255 is inadequate to present these arguments. *See, e.g.*, *Webster*, 784 F.3d at 1136 ("There is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically prohibits a certain penalty."). Johnson therefore has failed to show that he can seek relief based on these arguments through § 2241.

## IV. Conclusion

As explained above, Johnson has failed to show that he is entitled to seek relief through 28 U.S.C. § 2241. His petition for a writ of habeas corpus is therefore dismissed with prejudice pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, No. 15-2378, 2017 WL 3262282, at *6 (7th Cir. Aug. 1, 2017). Final Judgment in accordance with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 4/18/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM ANTHONY JOHNSON
05230-033
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov